UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY SHROUF, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:22 CV 91 JMB |
| ADAIR COUNTY MISSOURI, ELDON GRISSOM, NATHAN FRAZIER, JUAN CHAIREZ, JOHN AXSOM,[1] SARA MILLER, and DENNIS SMITH M.D., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gary Shrouf's Motion to Strike Answer (Doc. 32). Defendant Dennis Smith, M.D. filed a response in opposition (Doc. 34) to which no reply has been filed. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff Gary Shrouf (hereinafter "Plaintiff") filed suit against Defendants on behalf of Roger Shrouf (hereinafter "Roger") who allegedly experienced a medical emergency on January 24, 2020 while confined at the Adair County Detention Center and under the care and custody of the Adair County Sheriff's Department (Doc. 22). Plaintiff alleges that Defendant Dr. Dennis Smith committed medical malpractice when he declared that Roger was fit for confinement even though Roger showed signs of drug intoxication and medical distress (Doc. 22, p. 18-19). In his Answer, Defendant Smith generally denies the allegations in the First Amended Complaint and sets forth various affirmative defenses including contributory negligence, that he is not subject to suit under § 1983, that his actions did not proximately cause Roger's death, that Plaintiff is not entitled to certain types of damages, and statute of limitations, among other things (Doc. 28, pp.

---

[1] Defendants represent that John Axsom recently passed away (Doc. 37).

13-18). Plaintiff now seeks to strike the affirmative defenses or, in the alternative, an order requiring a more definite statement.

Plaintiff argues that Defendant Smith's affirmative defenses run afoul of Federal Rules of Civil Procedure 8 and 12 in that they fail to state a claim or are not proper affirmative defenses.

Rule 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." As set forth by the Eighth Circuit Court of Appeals,

> The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but we decline to adhere to a construction of the Rule that would privilege form over substance. As long as an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal. This includes the bare assertion of a defense without being articulated with any rigorous degree of specificity.

Crutcher v. MultiPlan, Inc., 22 F.4th 756, 765-766 (8th Cir. 2022) (cleaned up). Thus, a "bare assertion" of a defense is sufficient, additional specificity is not required. See Zotos v. Lindbergh School Dist., 121 F.3d 356, 361 (8th Cir. 1997). Contrary to the position advocated by Plaintiff, Defendant is not required to bolster his defenses or statements of avoidance with additional facts or citation to law. And, to the extent that Plaintiff argues that some Defendant's affirmative defenses are not assertions that would defeat Plaintiff's claims, the Court finds that they are merely statements of avoidance, which are permitted.

For the foregoing reasons, Plaintiff Gary Shrouf's Motion to Strike Answer (Doc. 32) is **DENIED**.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2023