UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GARY SHROUF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:22 CV 91 JMB |
| | ) |
| ADAIR COUNTY MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Gary Shrouf's Consent Motion for Approval of Wrongful Death Judgment and Apportionment (Doc. 71). On January 17, 2025, the Court held a hearing on the Motion. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## **Background**

On December 14, 2022, Plaintiff filed this suit on behalf of his son, Roger Shrouf, who died while in custody at the Adair County Detention Center. (Doc. 1). Plaintiff alleges that Defendants' failure to provide his son with adequate medical care resulted in his death. Plaintiff asserts claims of wrongful death and wrongful death based on medical malpractice. (Doc. 22).

On August 6, 2024, the parties filed a notice of settlement informing the Court that they had achieved settlement of Plaintiff's claims. Plaintiff entered into a confidential agreement with Defendant Dennis Smith M.D. and a separate agreement with the remaining defendants. (Docs. 65, 71-1, 74). Because the settlement reached involves wrongful death claims brought pursuant to Mo. Rev. Stat. § 537.080, it must be approved by the Court. Plaintiff now moves for approval of the parties' wrongful death settlement. Plaintiff has filed various exhibits for support, including copies of the two settlement agreements and the joint affidavit of Plaintiff and Wanda

VanSickel, Roger Shrouf's mother who is represented through her power of attorney Trudi Groseclose.[1]  (Docs 71-1, 74, 75).  The Court granted Plaintiff's request to file the confidential agreement with Defendant Smith under seal, along with Plaintiff and Ms. VanSickel's affidavit, as it discusses details of the agreement with Defendant Smith.  (Docs. 72, 73, 76).[2]

## Discussion

Because the settlement involves wrongful death claims brought pursuant to Mo. Rev. Stat. § 537.080, the settlement must be approved by the Court.  Gaydos v. Gully Transp., Inc., No. 4:21-CV-388-SPM, 2023 WL 2187470, at *1 (E.D. Mo. Feb. 23, 2023).  Mo. Rev. Stat. § 537.095 provides that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, … provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080."  Mo. Rev. Stat. § 537.095.1.  In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved.  The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."  Id. § 537.095.3.  After apportioning damages, the Court is required to order the claimant to:  (1) "collect and receipt" for the payment of judgment, (2) deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, (3) acknowledge satisfaction in whole or in part for the judgment and costs, (4) distribute the net proceeds as ordered by the

---

[1] The parties have used "Vansickle," "Vansickel," and "VanSickel" interchangeably to describe the last name of Roger Shrouf's mother.  The Court will use VanSickel herein.

[2] The Court finds that allowing the exhibits to remain confidential promotes the goal of encouraging settlement, and that the public interest in these exhibits is minimal.  See Long v. Gyrus ACMI, Inc., No. 4:18-cv-00004-SEP, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021) ("The alternative dispute resolution process is a critical tool to aid parties in settling their claims, and settlements are often possible only if the terms are kept confidential.").

court, and (5) "report and account therefore" to the court.  Id. § 537.095.4.

In determining whether to approve a wrongful death settlement, the Court first considers whether the movants have diligently attempted to notify all parties having a cause of action under Section 537.080.  Gaydos, 2023 WL 2187470 at *3.  Under Section 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or …. the father or mother of the deceased, natural or adoptive."  Mo. Rev. Stat. § 537.080.1(1).  In their affidavit, Plaintiff and Ms. VanSickel attest that they are the sole beneficiaries of the settlement.  Although Roger Shrouf had a biological daughter, Kennley Hubbard, he previously terminated his parental rights of her.  (Doc. 75).  Plaintiff has submitted official documentation confirming Roger Shrouf's termination of his parental rights, along with the affidavit of Ms. Hubbard indicating that she has been apprised of the litigation by Plaintiff and is waiving any right she may have to pursue any claim arising from Roger Shrouf's death.  (Doc. 82-1).  The Court therefore concludes that all individuals who may have a cause of action under Section 537.080 have been provided with notice of this case and are already named as beneficiaries in the settlement agreements.

The Court next considers whether to approve the total settlement amount (i.e. whether it is "just" and "fair") and whether the settlement is properly apportioned (i.e., in proportion to the losses suffered by each beneficiary).  Gaydos, 2023 WL 2187470 at *3-4 (citing Johnson v. City of Hazelwood, No. 4:14CV00286 SNLF, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017); Mack v. Patton, 591 S.W. 3d 865, 870-71 (Mo. 2019)).  Plaintiff has negotiated, through counsel, a settlement with Defendants for claims against them for the total amount of [REDACTED].  (Docs. 71.1, 74).  In his affidavit, Plaintiff states he understands that by entering into the settlement he is waiving his right to have a jury hear his claims.  (Doc. 75).  At the hearing, Plaintiff testified he believes the settlement is fair and reasonable, and he understands that by entering this settlement he

will be barred from pursuing any further claims he and Ms. VanSickel may have against Defendants for the death of their son. Based on the affidavit and Plaintiff's testimony, the Court finds the settlement to be fair, just, and reasonable. With respect to the proposed apportionment of the settlement proceeds, Plaintiff and Ms. VanSickel attest that they have agreed to the allocation of the settlement proceeds as follows: "Gary Shrouf 60% or [REDACTED]; and Conservator for Wanda VanSickel 40% or [REDACTED]." (Doc. 75 at 2-3). They further attest that they reached this agreement following mediation on the issue of allocation. Id. At the hearing, the Court was informed that the mediation was extensive and that both parties were represented by counsel. The Court is therefore satisfied that the proposed apportionment adequately reflects the losses suffered by each beneficiary.

Finally, the Court considers whether the proposed attorneys' fees and expenses are proper. Gaydos, 2023 WL 2187470 at *4. In their affidavit, Plaintiff and Ms. VanSickel attest that they understand, agree, and approve Plaintiff's attorneys' fees per their contract with Plaintiff's lawyers, and that these fees were ultimately reduced per the allocation mediation settlement. At the hearing, Plaintiff testified to the same and confirmed he was satisfied with counsel's representation. Having reviewed the affidavit of Plaintiff's counsel along with the attached exhibits (Doc. 82-2), the Court finds the agreed-upon distribution of fees and expenses to be reasonable.

## Conclusion

For the foregoing reasons, the Court approves the Consent Motion for Approval of Wrongful Death Judgment and Apportionment and will order distribution of the settlement proceeds as set forth in Settlement Statement (Doc. 82-2 at 5).

Accordingly,

**IT IS HEREBY ORDERED** that the Consent Motion for Approval of Wrongful Death Judgment and Apportionment (Doc. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Gary Shrouf's claims against Defendants Adair County Missouri, Nathan Frazier, Juan Chairez, Lisa Butler, Sara Miller, and Dennis Smith M.D. are to be settled for the total amount of [REDACTED], inclusive of attorneys' fees and expenses.

**IT IS FURTHER ORDERED** that Plaintiff shall collect payment from Defendants and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receiving payment from Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall deduct and pay attorneys' fees and expenses and distribute the remaining proceeds of the settlement to the beneficiaries as set forth in the Settlement Statement, in accordance with the following:

1. Plaintiff's Counsel, Mr. William T. Dowd, is authorized to deposit the settlement funds in the Dowd & Dowd, P.C. IOLTA account and distribute Plaintiff Gary Shrouf's allocated share of the net settlement proceeds, attorneys fees, and expenses per the Settlement Statement.

2. Distribution of Wanda VanSickel's award is to be held in the Dowd & Dowd, P.C. IOLTA account until Plaintiff's Counsel receives the order of conservatorship from Adair County, at which time he shall distribute the allocated proceeds of the settlement to the duly appointed Conservator of Wanda VanSickel.

3. The oral motion requesting that the record for evidence remain open to receive an order of conservatorship regarding Wanda VanSickel is granted. The record shall be closed in all other respects. Following the submission of said order of conservatorship, the record shall be closed in its entirety.

4. Plaintiff's Counsel shall file, every thirty (30 days), a status report informing

the Court of the status of Ms. VanSickel's application for conservatorship.

**IT IS FURTHER ORDERED** that after the amounts set forth herein have been distributed to all persons owed money pursuant to this Memorandum and Order, Plaintiff shall file a notice with the Court advising that the payments have been distributed as ordered. Following receipt of this notice, the Court will enter a separate order dismissing Plaintiff's claims against Defendants with prejudice.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of February, 2025